## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAXINE L. BEACH, on behalf of herself and all others similarly situated,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **C.A. No. 15-** |
| | : | |
| **v.** | : | **CLASS ACTION** |
| | : | |
| **STEVEN K. EISENBERG,** | : | **JURY TRIAL DEMANDED** |
| **STERN & EISENBERG, P.C.** | : | |
| **and** | : | |
| **AMERICAN HERITAGE FEDERAL** | : | |
| **CREDIT UNION,** | : | |
| | : | |
| **Defendants.** | | |

### COMPLAINT – CLASS ACTION

### I.     INTRODUCTION

1.     Plaintiff Maxine Beach brings this action, on behalf of herself and those similarly situated, against a creditor and its debt collectors for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.* ("FCEUA"), as applied through the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* ("CPL"), the federal Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA"), and the common law causes of action for conversion and unjust enrichment.

### II.     JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §§ 1640(e), 1692k(d) and 28 U.S.C. §§ 1331, 1337, 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.   PARTIES

4.      Plaintiff Maxine L. Beach is an adult individual residing in Philadelphia, Pennsylvania.

5.      Defendant Steven K. Eisenberg is an attorney who regularly engages in the collection of consumer debt.   Defendant is the managing shareholder of Stern & Eisenberg, P.C., 1581 Main Street, Suite 200, Warrington, PA 18976.   *See* http://sterneisenberg.com/lawyer_bio/steven-eisenberg/.   At all times material hereto, Defendant was a "debt collector" as that term is contemplated in section 1692a of the FDCPA.

6.      Defendant Stern & Eisenberg, P.C. is a Pennsylvania law firm with offices at 1581 Main Street, Suite 200, Warrington, PA 18976, that regularly engages in the collection of consumer debt.   At all times material hereto, Defendant was a "debt collector" as that term is contemplated in section 1692a of the FDCPA.

7.      Defendant American Heritage Federal Credit Union ("AHFCU") is a financial institution with offices located at 2060 Red Lion Road, Philadelphia, PA 19115.   At all times material, AHFCU was a "creditor" within the meaning of section 2270.3 of the FCEUA, and section 1602(g) of TILA,.

### IV.   FACTUAL ALLEGATIONS

8.      On or about November 3, 2014, Defendants Stern and Stern & Eisenberg, on behalf of Defendant AHFCU, filed a collection action against Plaintiff in the Philadelphia Municipal Court, at # SC-14-11-03-3108, in an attempt to collect a consumer debt.   A true and correct copy of the Statement of Claim is attached hereto as Exhibit A.

9.     The Statement of Claim, signed by Defendant Eisenberg, claimed a total sum due from Plaintiff in the amount of $5,136.33, based on an alleged default by the Plaintiff on a credit card account she had with Defendant AHFCU.

10.     The "amount claimed" in the Statement of Claim specifically excluded "attorney fees," which were listed in the amount of "$0.00."   *See* Exhibit A.

11.     Nonetheless, on November 18, 2014, before Plaintiff was served with the Statement of Claim, before trial and before any judgment was obtained against Plaintiff, Defendants Eisenberg and Stern & Eisenberg collected attorney fees in the amount of $744.00 from Plaintiff's credit card with the credit union. A true and correct copy of the account statement for the month of November 2014 is attached hereto as Exhibit B.

12.     This sum was identified on Defendant AHFCU's account statement as a "cash advance" from Plaintiff's credit card with AHFCU, although Plaintiff did not withdraw the cash, was not given the cash, and never consented to a cash advance, unlike what is typically the case with actual cash advances.[1]   *See* Exhibit B.

13.     The identification of the transaction as a "cash advance" by AHFCU falsely and deceptively implied that Plaintiff, the account holder, received cash.

14.     Under section 1636(b)(2) of the TILA, a creditor under an open end consumer credit plan, such as Defendant AHFCU, is required to disclose in its monthly statement, among other things, an identification of each extension of credit "sufficient to enable the obligor either to identity the

---

[1]     A "cash advance" is defined as follows: "A cash advance is a service provided by most credit card and charge card issuers. The service allows cardholders to withdraw cash, either through an ATM or over the counter at a bank or other financial agency, up to a certain limit. For a credit card, this will be the credit limit (or some percentage of it). Cash advances often incur a fee of 3 to 5 percent of the amount being borrowed. When made on a credit card, the interest is often higher than other credit card transactions. The interest compounds daily starting from the day cash is borrowed."   *See* https://en.wikipedia.org/wiki/Cash_advance.

transaction or to relate it to copies of sales vouchers or similar instruments previously furnished…"
15. U.S.C. § 1637(b)(2).

15.     Defendant AHFCU violated the TILA as to the Plaintiff and the AHFCU Class (hereafter defined) because it falsely identified the $744.00 transaction as a cash advance when it was not, and further failed to identify fees, charges and interest resulting from the involuntary "cash advance."

16.     Plaintiff did not authorize any cash advance or other form of payment to Defendants Eisenberg and Stern & Eisenberg to sue her or for any other reason.

17.     Defendant AHFCU's generation of an involuntary "cash advance" from Plaintiff's credit card improperly created a debt owed by Plaintiff to AHFCU for money that she did not receive.

18.     Plaintiff had a property interest in and the right to immediate possession of the $744.00 cash advance and Defendant AHFCU wrongfully interfered with that right, exercised dominion and control over the "cash advance" and improperly converted Plaintiff's property to its own use.

19.     In essence, Defendant AHFCU took money belonging to Plaintiff and paid an attorney to sue Plaintiff.   If Plaintiff is forced to use her own cash to pay an attorney, that attorney should be representing her, not AHFCU.

20.     Defendant AHFCU assessed interest, and possibly other fees and charges, to Plaintiff on the "cash advance" that Defendant took for itself.

21.     On March 17, 2015, the Municipal Court collection action filed by Defendants against Plaintiff was marked "Withdrawn without Prejudice."

22.     On March 25, 2015, Defendants then sued Plaintiff in the Philadelphia Court of Common Pleas to recover, among other things, the involuntary "cash advance" and the interest, fees and charges assessed thereon, even though Plaintiff never possessed the "cash advance" or had any

control over it.   *See American Heritage Federal Credit Union v. Maxine L. Beach*, Case ID. No. 150303083 (Phila. C.P.).

23.    Defendants demanded payment in the Common Pleas lawsuit of, among other things, "additional late charges" and "additional late charges per month."   *See* prayers for relief at pages 3 and 4 of Complaint.

24.    However, Exhibit A to the Common Pleas Complaint, which Defendants incorporate into the Complaint at ¶ 4, expressly states that no late charges are due.

25.    The Common Pleas lawsuit was later stayed as a matter of law when Plaintiff filed a bankruptcy case under Chapter 7 of the U.S. Bankruptcy Code.   Plaintiff exempted her claims against Defendants in the bankruptcy case.   No objections were filed within thirty days of the exemption which, therefore, became effective and conclusive.   *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642–44 (1992).

26.    An order of discharge was entered in the bankruptcy case on July 28, 2015, but Defendants have not to date taken any steps to withdraw or dismiss the Common Pleas action.

27.    There is no basis in law or in contract permitting Defendant AHFCU to generate an involuntary cash advance from Plaintiff's credit card for its own use to pay a collection attorney to bring a lawsuit against Plaintiff.

28.    There is no basis in law or in contract permitting Defendant AHFCU to generate an involuntary cash advance from Plaintiff's credit card for its own use to pay a collection attorney to bring a lawsuit against Plaintiff that does not seek to recover attorney fees.

29.    The FDCPA prohibits false and deceptive communications in formal legal pleadings, such as a Statement of Claim filed in Municipal Court and a Complaint filed in the Court of Common Pleas.   *Kaymark v. Bank of America, N.A.*, 783 F.2d 168 (3d Cir. 2015).

30.     The FDCPA prohibits debt collectors such as Defendants Eisenberg and Stern & Eisenberg from, among other things, the following:

(a)     Falsely representing the character, amount or legal status of a debt.   15 U.S.C. § 1692e(2)(A).

(b)     Using a false representation or deceptive means to collect or attempt to collect a debt.   15 U.S.C. § 1692e(10).

(c)     Using unfair or unconscionable means to collect or attempt to collect a debt, specifically including collecting "any amount (including any interest, fee or charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."   15 U.S.C. § 1692f(1).

31.     Defendants Eisenberg and Stern & Eisenberg have violated the FDCPA as to the Plaintiff and members of the Eisenberg Class (hereafter defined).

32.     Based on standardized contractual terms applicable to all its consumer credit customers, Defendant AHFCU employs a uniform practice and policy of unilaterally generating involuntary "cash advances" and taking money from consumer's credit accounts, without their knowledge or permission, to pay fees, including attorney fees to Defendants Eisenberg and Stern & Eisenberg, that AHFCU deems are due and owing.

33.     AHFCU follows this policy as a common practice, taking its customers' own money to pay attorneys to sue the customers, well prior to obtaining a settlement agreement or a judgment entitling AHFCU to such payment.   Defendant uniformly charges interest and possibly other fees and charges on such "cash advances."

34.     However, the contractual terms upon which Defendant AHFCU relies do not authorize Defendant to generate involuntary "cash advances" from its customers' accounts.

35.     The FCEUA prohibits creditors such as Defendant AHFCU from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt, including the following:

(a)     Falsely representing the character, amount or legal status of a debt. 73 P.S. § 2270.4(5)(ii).

(b)     Using any false representation or deceptive means to collect or attempt to collect a debt. 73 P.S. § 2270.4(5)(x).

(c)     Using unfair or unconscionable means to collect or attempt to collect a debt, specifically including collecting "any amount including any interest, fee or charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."   73 P.S. § 2270.4(6).

36.     Defendant AHFCU has violated section 2270.4 of the FCEUA as to the Plaintiff and the AHFCU Class (hereafter defined).

37.     Plaintiff has suffered harm and an ascertainable loss of money in the form of the involuntary "cash advance" of $744.00 from her credit card and the assessed interest and any other charges resulting from the "cash advance" forced upon her by Defendants.

38.     Defendants knew or should have known that their actions violated the FDCPA, the FCEUA and the TILA.   Defendants could have taken steps necessary to bring their collection activity into compliance with law, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## V.     CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a)      All consumers as to whom, during the one year prior to the filing of this action and continuing through the resolution of this action, Defendants Eisenberg and Stern & Eisenberg, or either of them, filed a collection action in court that expressly sought no attorney fees or late fees but nonetheless collected or attempted to collect attorney fees or late fees in connection with that legal action (the "Eisenberg Class").

(b)      All consumers as to whom, during the two years prior to the filing of this action and continuing through the resolution of this action, Defendant AHFCU unilaterally generated a cash advance from the consumer's account to pay fees, interest, charges or attorney fees (the "AHFCU Class").

38.      The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Defendants regularly collect or attempt to collect debt from consumers.

39.      There are questions of law and fact common to the Classes which predominate over any questions affecting only individual Class members.   The principal common questions include:

(a)      whether Defendants Eisenberg and Stern & Eisenberg violated the FDCPA by expressly not seeking attorney fees in collection actions but then nonetheless collecting such fees from the defendant consumers;

(b)      whether Defendants Eisenberg and Stern & Eisenberg violated the FDCPA by expressly not seeking late fees in collection actions but then nonetheless collecting or attempting to collect such fees from the defendant consumers;

(c)      whether Defendant AHFCU violated the FCEUA by unilaterally generating cash advances from consumers' credit accounts in order to pay fees, interest, charges or attorney fees, including taking such customers property prior to a settlement agreement or the obtaining of a judgment entitling Defendant to collect such fees;

(d)      Whether Defendant AHFCU violated the TILA by failing to identify each extension of credit sufficient to enable the obligor either to identity the transaction or to relate it to

copies of sales vouchers or similar instruments previously furnished.

(e)     whether Defendant AHFCU unlawfully converted property belonging to its account holders by exercising dominion and control over money to which its customers had an immediate right of possession; and

(f)     Whether Defendant AHFCU was unjustly enriched to the detriment of its customers by involuntarily generating cash advances from their customers' credit accounts and using that money for its own purposes.

40.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

41.     Plaintiff will fairly and adequately protect the interests of the Class.   Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices.   Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

42.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

43.     A class action is a superior method for the fair and efficient adjudication of this controversy.   The interest of Class members in individually controlling the prosecution of

separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00, whereas the statute permits recovery of one percent of each of the defendant debt collector's net worth, or $500,000, whichever is less, in a class action.   15 U.S.C. § 1692k(a)(2)(B).

44.     Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims.    The identities of the Class members may be obtained from Defendants' records.

## VI.     CLAIMS

### COUNT ONE – FDCPA

**Plaintiff and Eisenberg Class**
**v.**
**Defendants Steven K. Eisenberg, Esq. and Stern & Eisenberg, P.C.**

45.     Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

46.     Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

47.     Defendants Eisenberg and Stern & Eisenberg, P.C. are each a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

48.     Defendants' filing of a Statement of Claim in Philadelphia Municipal Court is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

49.     Defendant Defendants' filing of a Complaint in the Philadelphia Court of Common Pleas is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

50.     Defendants violated the FDCPA as to Plaintiff.   Defendants' violations include, but are not limited to, violations of the FDCPA as evidenced by the following conduct:

(a)     Falsely representing the character, amount or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

      (b)     Using a false representation or deceptive means to collect or attempt to collect a debt.   15 U.S.C. § 1692e(10).

      (c)     Using unfair or unconscionable means to collect or attempt to collect a debt, specifically including collecting "any amount (including any interest, fee or charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."   15 U.S.C. § 1692f(1).

51.    Defendants' actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

52.    As a result of the violations of the FDCPA, Defendants Eisenberg and Stern & Eisenberg are each liable to the Plaintiff for actual damages not less than $744, statutory damages in the amount of $1,000 each, for a total amount of $2,000 in statutory damages, and are liable to the Eisenberg Class for actual damages and for statutory damages in an amount not to exceed the lesser of $500,000 or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), plus costs and attorney's fees.

### COUNT TWO – FCEUA and CPL

**Plaintiff and AHFCU Class**
**v.**
**Defendant American Heritage Federal Credit Union**

53.    Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

54.    Plaintiff is a "consumer" within the meaning of section 2270.3 of the FCEUA.

55.    Defendant AHFCU is a "creditor" within the meaning of section 2270.3 of the FCEUA.

56.    Defendant violated the FCEUA as to Plaintiff.   Defendant's violations include, but are not limited to, violations of section 2270.4(b) of the FCEUA, as evidenced by the following

conduct:

        (a)      Falsely representing the character, amount or legal status of a debt. 73 P.S. § 2270.4(5)(ii).

        (b)      Using any false representation or deceptive means to collect or attempt to collect a debt. 73 P.S. § 2270.4(5)(x).

        (c)      Using unfair or unconscionable means to collect or attempt to collect a debt, specifically including collecting "any amount including any interest, fee or charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."   73 P.S. § 2270.4(6).

57.     Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

58.     Pursuant to section 2270.5(a) of the FCEUA, Defendant AHFCU's violations of the FCEUA constitute violations of CPL.

59.     Plaintiff suffered an ascertainable loss of at least $744 as a result of Defendant's actions.

60.     Remedies for violations of the FCEUA, per the CPL, include up to three times actual damages but not less than $100, plus attorneys' fees and costs.   73 P.S. 201-9.2(a).

61.     Defendant's actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

62.     As a result of its violations of the FCEUA, Defendant AHFCU is liable to the Plaintiff for actual damages in an amount not less than $744.00, costs and attorney's fees.

## COUNT THREE – TILA

### Plaintiff and AHFCU Class
### v.
### Defendant American Heritage Federal Credit Union

63.    Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

64.    The November 2014 monthly statement issued by Defendant to Plaintiff violated the requirements of section 1637(b)(2) of TILA because it failed to identify each extension of credit "sufficient to enable the obligor either to identity the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished…"   Defendant falsely identified the $744.00 transaction, which was not a cash advance to the Plaintiff, and further failed to identify fees, charges and interest resulting from the involuntary "cash advance."

65.    As a result of its violations of the TILA, Defendant is liable to Plaintiff and the AHFCU Class for actual damages, twice the finance charges in connection with the transactions, with a minimum of $500 and a maximum of $5,000, the lesser of $1,000,000 or one percent of the net worth of Defendant AHFCU, costs and attorney's fees.   15 U.S.C. § 1640(a)(1), (2)(A), (B), (3).

## COUNT FOUR - Conversion/Unjust Enrichment

### Plaintiff and AHFCU Class
### v.
### Defendant American Heritage Federal Credit Union

66.    Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

67.    Plaintiff and the members of the AHFCU Class had the right to immediate possession of any cash advance made from their credit accounts at AHFCU.

68.    Defendant AHFCU unlawfully converted property of the Plaintiff and the AHFCU Class by unilaterally generating "cash advances" from credit accounts without the account holder's

knowledge or permission and taking those funds for its own use, thus creating debts owed to itself and charging interest on the monies it took for itself.

69.     Defendant AHFCU was unjustly enriched to the detriment of the Plaintiff and the AHFCU Class by its taking money from its customers and using that money for its own purposes.

70.     Defendant AHFCU received a benefit from the "cash advance" it appropriated from Plaintiff's credit card, to Plaintiff's detriment.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Classes;

(b)      That judgment be entered against all Defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), 73 P.S. § 2270.5 and the common law of conversion/unjust enrichment;

(c)     That judgment be entered against each of Defendant Eisenberg and Defendant Stern & Eisenberg for statutory damages in an amount not to exceed the lesser of $500,000 or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(d)      That judgment be entered against Defendant AHFCU for three times Plaintiff's and AHFCU Class members' actual damages, pursuant to 73 P.S. § 201-9.2(a);

(e)     That judgment be entered against Defendant AHFCU for actual and statutory damages pursuant to 15 U.S.C.§ 1640(a)(1), (2)(A) and (B);

(f)     That the Court award punitive damages;

(g)     That the Court order Defendants to make restitution to Plaintiff and the Classes for all sums wrongfully taken;

(h)     That the Court award Plaintiff costs and reasonable attorneys' fees, pursuant to 15

U.S.C. §§ 1640(a)(3), 1692k(a)(3) and 73 P.S. § 2270.5; and,

(i)      That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

Dated:   November 2, 2015        BY:      _/s/ James A. Francis_
James A. Francis
David A. Searles
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff*