IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAXINE L. BEACH, on behalf of herself and all others similarly situated | : : : | CIVIL ACTION |
| v. | : : : | NO. 15-5942 |
| AMERICAN HERITAGE FEDERAL CREDIT UNION | : : | |

### ORDER

**NOW**, this 16th day of March, 2017, upon consideration of the Plaintiff's Uncontested Motion for Preliminary Approval of Class Settlement and Notice to Class (Document No. 38) and after a hearing, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Settlement Agreement (Document No. 38-2) is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated in this Order.

3. The following Class is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All consumers as to whom, during the two years prior to the filing of this action and continuing through the resolution of this action, Defendant American Heritage Federal Credit Union ("AHFCU") generated a cash advance from the consumer's account to pay fees, interest, charges or attorney fees.

4. This consumer class action challenges AHFCU's practice of generating involuntary "cash advances" from its customers' accounts to pay fees to an attorney to sue those customers, alleging it is an unfair or deceptive debt collection act or practice within the meaning of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1,

*et seq*. ("FCEUA"), as applied through the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. ("UTPCPL").

5. The Settlement Agreement, entered into between the parties on February 8, 2017, resolves claims brought against AHFCU for alleged violations of the FCEUA, UTPCPL, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*., the Fair Credit Billing Act, 15 U.S.C. § 1666 and the common law causes of action for conversion and unjust enrichment.

6. The Settlement Agreement provides that AHFCU will forgive all debt owed to it by class members, having a potential value of $1,048,183.64.

7. The Settlement Agreement requires AHFCU, at its own expense, to mark satisfied all judgments it has obtained against class members.

8. The Settlement Agreement also requires the Defendant to delete the AHFCU tradelines on each class member's credit report.

9. Finally, the Settlement Agreement requires AHFCU to pay: (a) up to $7,500.00 for costs of notice and settlement administration; and, subject to the approval of the Court, (b) plaintiff's counsel up to $70,000.00 in attorney's fees and expenses; and (c) the Class Representative $5,000.00 as a service award.

10. The Settlement Agreement entered into between the parties appears to be fair, reasonable and adequate to the Class.

11. For purposes of preliminary approval, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. there are 92 of members of the Class;

    b. there are questions of fact and law that are common to all members of the Class;

      c.    the claims of the class representative is typical of those of the other members of the Class;

      d.    the class representative will fairly and adequately protect the interests of the Class; and

      e.    counsel for the Class, experienced in complex commercial and class action litigation, has and will continue to adequately represent the Class.

12.    This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

      a.    a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

      b.    questions of fact and law common to members of the Class predominate over any questions affecting only individual members.

13.    Plaintiff Maxine L. Beach is appointed as the Class Representative.

14.    David A. Searles, Esquire of Francis & Mailman, P.C. is appointed as counsel for the Class ("Class Counsel").

15.    RSM US LLP is appointed as the Settlement Administrator.

16.    No later than **March 27, 2017**, the Defendant shall provide the Settlement Administrator with a list of the names and last known addresses of the Class Members in readable electronic form.

17.    No later than **March 27, 2017**, the Defendant shall pay the Settlement Administrator the sum of $4,000.00 to cover the initial cost of printing and mailing the Class Notice.

18.    No later than **April 17, 2017**, the Settlement Administrator shall provide notice to the Class Members by causing a copy of the Class Notice, substantially in the

form attached as Exhibit A to the Settlement Agreement, to be mailed by first-class mail to each Class Member at his or her last known address, as updated by the Settlement Administrator with one round of skip-tracing.

19. Any class member who does not wish forgiveness of any debt he or she owes to AHFCU must submit a request to decline the debt forgiveness. This shall be done by filling out, signing and submitting the form included at the end of the Class Notice, returning it in the self-addressed stamped envelope enclosed, placing the completed form in an envelope, and mailing it to the Settlement Administrator no later than **June 15, 2017**.

20. No later than **June 15, 2017**, the Settlement Administrator shall file proof of mailing of the Class Notice as required by paragraph 18 of this Order.

21. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

22. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and out-of-pocket expenses by Class Counsel shall be filed no later than **June 15, 2017**.

23. Each Class Member shall have the right not to be included in the Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than **June 30, 2017**. Requests for exclusion must set forth the Class Member's name, address, telephone number and signature, and clearly state the person's intent to be excluded.

24. Any Class Member who does not submit a timely, written request for exclusion from the Class will be bound by all proceedings, orders, and judgments in this litigation, even if the Class Member has previously initiated or subsequently initiates

individual litigation or other proceedings encompassed by the claims released in this case, and even if such Class Member never received actual notice of this litigation or this proposed settlement.

25. Unless and until they have submitted a timely request for exclusion from the Class, Class Members and their legally authorized representatives are preliminarily enjoined from:

    a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction;

    b. filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action); and

    c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

26. No later than **June 30, 2017**, each Class Member who does not timely opt out of the Class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and out-of-pocket expenses by filing written objections with the Clerk of Court and serving a copy of the objection on Class Counsel and Defense Counsel.

27. Objections must contain, at least, the following: (1) the Class Member's name, address, telephone number and signature; (2) a heading that refers to this action by case name and case number; (3) a statement of the basis for each objection; and (4)

a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number.

28. Failure to timely file and serve written objections in compliance with paragraph 27 of this Order will preclude a Class Member from objecting at the Final Approval Hearing.

29. No later than **July 5, 2017**, the Settlement Administrator shall file and serve on counsel a list of all persons who have timely opted out of the Class with its determinations as to whether any request to opt out of the Class was not submitted timely; and it shall provide written notification to any Class Member whose request to opt out of the Class was untimely.

30. No later than **August 24, 2017**, the Defendant shall pay the Settlement Administrator the sum of $3,500.00 to cover the balance for the cost of mailing the Class Notice.

31. Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **July 25, 2017**, at **9:00 a.m.**, in **Courtroom 9A,** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

    a. whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

    b. whether the proposed settlement is fair, reasonable and adequate;

    c. whether final approval should be granted;

    d. whether a final judgment should be entered dismissing the claims of the Class with prejudice;

    e. an award of attorneys' fees and out-of-pocket expenses; and

        f.    other such matters as the Court may deem appropriate.

32.    The Court retains exclusive jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

                                                  /s/Timothy J. Savage
                                                  TIMOTHY J. SAVAGE,  J.